GEORGE GRAVES, PLAINTIFF IN ERROR, v. JOHN C. FRITZ ET AL., DEFENDANTS IN ERROR.

Mortgage Foreclosure: LIEN OF THIRD PARTY. Where a party claiming a lien is made a defendant in an action to foreclose a mortgage on real estate, and is duly served with process, and fails to appear, but permits a decree of foreclosure to be taken, in which his lien is not recognized, he will not be permitted to answer setting up his lien after a sale under the decree, unless he shows sufficient cause for the delay.

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*Uttley, Benedict & Sisley*, for plaintiff in error.

*J. J. King*, for defendants in error.

BY THE COURT.

In October, 1885, one John C. Fritz instituted an action to foreclose a mortgage upon certain real estate, in the district court of Holt county. In the petition it is alleged that, "The defendants, George Graves, D. L. Cramer, August Brockman, W. E. Bailey, and R. L. Clapp, have, or claim to have, some interest in said premises as subsequent encumbrancers, purchasers, or otherwise, and are therefore made parties defendant hereto."

In February, 1886, W. E. Bailey was permitted to answer instanter. He thereupon filed an answer, seeking to foreclose a certain mortgage on the property in controversy.

In June, 1886, a decree of foreclosure was rendered, as follows: "The court finds that all the said defendants have been duly served with notice of this action, and that the defendants, James A. Groff, Marietta Groff, George Graves, August Brockman, and R. L. Clapp, having failed to answer or demur, and being each three times called in open court and still failed to answer or demur, are adjudged by the court to be in default, and they are hereby defaulted, and the cause is submitted to the court. On consideration whereof the court finds that the defendants, James A. Groff and Marietta Groff, his wife, executed and delivered to the plaintiffs the mortgage deed set forth in said petition, upon the following described property, real estate, to-wit: Lot No. 9 in block No. 6, as the same appears of record from the plat of the town of Ewing, and filed in the office of the county clerk of Holt county,

and that said mortgage was duly recorded on the 11th day of June, 1884, in the record of mortgages in Holt county, and is a first lien on said real estate. The court also finds that there is due to the plaintiff from the defendants, James A. Groff and Marietta Groff, upon the note set forth in said petition, which said mortgage was given to secure, the sum of $235, and that the plaintiff is entitled to a foreclosure of said mortgage as prayed.

"The court further finds that the defendant, August Brockman, as subsequent (owner) in fee of said premises, executed and delivered to the defendant, W. E. Bailey, the mortgage deed set forth in his answer herein upon the above described premises, which mortgage was given to secure the payment of the promissory note described in said answer, and was made subject to a certain prior mortgage executed and delivered by the defendant, August Brockman, to D. L. Cramer, dated March 20, 1885, for the sum of $169.98, and duly recorded in the record of mortgages of said county on the first day of April, 1885, and is a third lien on said premises, and subject to lien of the plaintiff, and said lien of D. L. Cramer admitted in the answer filed by W. E. Bailey, and that there is due thereon to said W. E. Bailey the sum of $184.76, with interest thereon at the rate of ten per cent from the 23d day of March, 1885.

"It is therefore considered by the court that, in case the defendants, James A. Groff and Marietta Groff, fail for twenty days from the entry of this decree to pay the plaintiff the sum of $235, and if the defendant, August Brockman, fail for twenty days to pay the defendant, D. L. Cramer, the sum of $169.98, and the defendant, W. E. Bailey, the sum of $194.76, that the defendant's equity of redemption be foreclosed," etc.

An order of sale was duly issued and the real estate in question sold, and a return thereof duly made. Whereupon the following objections to the confirmation were filed:

"Comes now George Graves, by his attorneys, Uttley & Small and J. A. Frommershouser, objects to the confirmation of this sale, and prays the court that he may be allowed to file this, his answer in this cause, and alleges that the following state of facts exists:

"1st. That this defendant has a first lien upon the property as described in the petition of the plaintiff, subject to the plaintiff's mortgage.

"2d. That the defendants, D. L. Cramer and W. E. Bailey, have no legal and valid lien upon these premises, for the reason that their grantor, August Brockman, had no legal title in the premises at the time of the execution of said mortgages to said defendants, D. L. Cramer and W. E. Bailey.

"3d. That there has been a judgment entered in this court in favor of D. L. Cramer, one of the defendants, without any appearance on the part of the said defendant, D. L. Cramer, or anything before this court to show that said defendant, D. L. Cramer, has now or ever had any legal claim for the amount of such judgment.

"4th. That there is due from the defendant, James Groff, to this defendant, the sum of $109.60, upon account of mechanic's lien duly filed, a copy of which is hereto attached and made a part of this answer. Wherefore defendant prays that he may be allowed to file his answer, and that he may have judgment and an order foreclosing this lien hereto attached, and for such other and further relief as to the court shall seem just and right."

The motion was overruled and the sale confirmed, and this action of the court is the only error assigned. It will be observed that Mr. Graves fails to make a showing of cause for the failure to file his answer at the proper time. So far as appears, he was properly served with summons, and although the case was pending in court for nearly a year before a decree was taken, yet failed to plead to the petition; but after the decree had been rendered

and a sale had thereunder, he comes in and claims as a matter of right that he have leave to answer. The intention of the law is, that all parties interested in the subject-matter shall be brought before the court in an action to foreclose a mortgage, in order that the rights of all parties interested in the estate may be adjusted, and that the purchaser may acquire an absolute title under the decree; and where a party interested has been prevented from setting forth his cause of action, in order that his rights may be protected and enforced, he may no doubt be permitted to answer, even after the sale, and share in the proceeds thereof. But he cannot do this as a matter of right. The law favors diligence; and where a party has been duly served with a summons, and sits idly by and permits a default to be taken against him, and a decree ignoring his claim, and a sale thereunder, he cannot demand as a matter of right that the sale be set aside and he permitted to plead an additional claim against the estate, and ask for a new decree. If such practice was indulged in, litigation would become interminable. The purchaser and other creditors have rights in the premises which the court must consider and protect, so far as may be consistent with justice. The court did not err, therefore, in overruling the motion to permit the answer to be filed, and confirming the sale. Whether the allegations in the petition are sufficient to constitute a bar to another action to foreclose the alleged lien is not now before the court.

There is no error in the proceedings, and the judgment is affirmed.

JUDGMENT AFFIRMED.